# Heist *v.* Blaisdell.

*Contract—Breach of contract—Usury—Compensation for services.*

Parties may blend compensation for services and payment of interest upon a loan in one contract, and the fact that the compensation for services is for an indefinite amount does not taint the contract with usury.

Argued Jan. 7, 1901. Appeal, No. 419, Jan. T., 1899, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1895, No. 425, on verdict for plaintiff in case of Thomas H.

Heist v. Frederick E. Blaisdell.   Before McCollum, C. J.,
Mitchell, Fell, Brown, Mestrezat and Potter, JJ.
Affirmed.

Assumpsit for breach of contract.   Before Audenreid, J.

From the record it appeared that plaintiff claimed to recover
the value of certain shares of stock in a corporation, which he
averred that defendant had agreed to deliver to him as com-
pensation for services.   Defendant denied the contract as al-
leged by plaintiff, and averred that the stock which plaintiff
was to receive was to be partly in payment for money loaned,
and partly in payment for services rendered; that the money
loaned had been repaid with legal interest, and that the pres-
ent demand was usurious.   The evidence was conflicting in
character.

The court charged in part as follows:

Where a man loans money and agrees, in addition, to perform
services of an indefinite value, a value which is hard to fix, there
he may properly stipulate for some additional compensation for
what he is giving under a contract over and above simple in-
terest, and he may recover whatever he has a right to expect
under the contract, in addition to simple interest.

Verdict and judgment for plaintiff for $7,500.   Defendant
appealed.

*Errors assigned* were (1–25) various rulings on evidence and
instruction.

*Edwin O. Michener*, for appellant.

*John Scott, Jr.*, and *John G. Johnson*, for appellee, filed
a printed brief but submitted no oral argument.

Per Curiam, February 18, 1901:

A careful perusal of all the testimony in the case, of the
charge of the court and of the numerous specifications of error,
has not disclosed adequate cause for setting aside the judgment
and verdict and ordering a new trial.   We therefore dismiss
the twenty-five specifications of error and affirm the judgment
entered by the learned court below.

Judgment affirmed.